[Civ. No. 6531. First Appellate District, Division One.—January 12, 1929.]

MARY BEATRICE YATES, Respondent, v. HENRY NEWTON YATES, Appellant.

R. M. Estcourt for Appellant.

Hudson, Martin & Jorgensen, W. G. Hudson, Carmel Martin, and Geo. Allen Smith for Respondent.

TYLER, P. J.—■ Application for a modification of a decree awarding alimony. The parties hereto were formerly husband and wife. On November 23, 1923, in anticipation of the wife filing an action for divorce they entered into a property settlement and maintenance agreement. This agreement provided, among other things, that the husband should pay his wife the sum of $150 per month for her support and maintenance until the death of either party or until the wife should remarry, in which event the payments were to cease. Certain real property was conveyed to the wife, which was heavily encumbered. On December 20, 1923, the wife filed a suit for divorce. The husband defaulted and an interlocutory decree was entered declaring the wife entitled to a divorce and awarding her the sum of $150 per month for her maintenance and support. On January 5, 1925, a final decree was entered and the allowance for her support was carried into this judgment. Thereafter the husband remarried. On the sixteenth day of August, 1926, he filed an affidavit in the divorce action, which alleged that he had been unable to earn sufficient money to comply with the terms of the decree and he prayed for an order releasing him entirely from its operation in this respect. On the hearing it was admitted that no payment had ever been paid by him on account of the orders. After hearing, the court rendered its decision modifying the decree awarding alimony to the wife by reducing the amount to the sum of $50 per month, which sum it was found the applicant had the ability to pay. The husband appeals from this order and claims the trial court abused its discretion in ordering such payment, as there is no evidence in the record to show that he has the ability to pay this or any other sum whatsoever. There is no merit in the contention. The evidence shows that respondent is a woman of some fifty-seven years of age

and that she lived with her former husband for over thirty years. It further appears therefrom that she is in poor health, having suffered two operations from which she has not fully recovered, and that she is unable to earn a livelihood. Other evidence shows that appellant is a physician and has earned at his profession sums aggregating from ninety to three hundred dollars and over a month. Appellant was not present at the hearing, but his present mother-in-law testified as to his earnings and expenditures. A further review of the evidence would answer no useful purpose. The burden was upon appellant to show, as he claimed, that he had no ability to pay any sum.

The determination of questions of this character are addressed to the sound and liberal discretion of the court. There is ample evidence to sustain its conclusion.

The order is affirmed.

Knight, J., and Cashin, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on February 11, 1929, and a petition by appellant to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on March 11, 1929.

All the Justices concurred.